UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Azumah Robinson<br>　　　Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No. 22cv987(KAD)<br>) |
| Credit Collection Services<br>　　　Defendant, | )<br>) AUG 3 2022 AM 10:38<br>) FILED-USDC-CT-NEW HAVEN<br>)<br>) |

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Azumah Robinson an individual consumer, against Defendant, Credit Collection Services, ("CCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business in New Haven, New Haven County, Connecticut, and the conduct complained of occurred in New Haven, New Haven County, Connecticut.

### III.  PARTIES

3. Plaintiff Azumah Robinson (hereinafter "Plaintiff") is a natural person residing in New Haven, New Haven County, Connecticut. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Credit Collection Services, is a Massachusetts corporation with its principal place of business located at 725 Canton Street, Norwood, MA 02062.

5. Upon information and belief, Credit Collection Services Registered Agent is CT Corporation System and is located at 67 Burnside Ave, East Hartford, CT 06108.

6. Defendant Credit Collection Services, is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumers' debts alleged to be due to another's.

### IV.  FACTS OF THE COMPLAINT

7. Defendant Credit Collection Services (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

8. On or about May 12, 2022, Plaintiff reviewed his credit report on "Experian".

9. On the credit report, Plaintiff observed a trade line from Debt Collector.

10. Debt Collector being reported furnished a trade line of $787, allegedly owed to Allstate Fire Casualty In.Co.

11. On or about July 15, 2022, the Plaintiff spoke with Debt Collector's representative, via telephone. While on the telephone Debt Collectors representative said the date of delinquency was October 5, 2021.

12. Debt Collector reported a open date on the listed trade line to be December 29, 2021. Therefore, the Debt Collector reported a false and different open/defaulted date when the Debt Collector knew of the correct open/defaulted date from its own records.

13. The re-aging and manipulating of the dates artificially lowered Plaintiff FICO scores more than if the trade line was being reported accurately, as well as, making the account seem more recently delinquent than it really was to potential creditors, causing Plaintiff damage.

14. Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of the Plaintiff and caused severe humiliation, emotional distress, mental anguish and lower FICO Scores.

### V. CLAIM FOR RELIEF
**(Defendant Credit Collection Services.,)**
**15 U.S.C. §1692e(8) 15 U.S.C. §1692e(2)**

15. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

16. The Debt Collector violated the FDCPA.

17. The Debt Collector's violations include, but are not limited to, the following:

15 U.S.C § 1692e(8) and 15 U.S.C § 1692e(2) of the FDCPA by reporting a third party (consumer reporting agencies) false information when it knew from its own records the true open date.

18. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff actual damages, statutory damages and cost.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collectors for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost pursuant to 15 U.S.C 1692k(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

Azumah Robinson
203-435-7272
Zumahr@gmail.com